UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| STEPHEN E. JOHNSON, ) | CASE NO. 1:12 CV 1505 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| WORKING AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |

*Pro se* plaintiff Stephen E. Johnson filed the above-captioned *in forma pauperis* action against defendant Working America, Inc. on June 13, 2012. Prior to service of the original Complaint, Mr. Johnson filed a First Amended Complaint on July 20, 2012.[1] *See B & H Medical, LLC v. ABP Admin., Inc.*, 526 F.3d 257, 268 n.8 (6th Cir.2008)(original "complaint is a nullity, because an amended complaint supercedes all prior complaints")(citation omitted). He now asserts this Court's jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended, Civil Rights; 42 U.S.C. §2000e-2, U.S. Constitutional Amendments V, XIV, [and] Fraud and false statements 18 U.S.C. § 1038." (Am. Compl. at 1.)

---

[1] As Mr. Johnson's request to proceed *in forma pauperis* was granted on July 20, 2012, service of the summons and complaint by United States marshal will be ordered by the Court. *See* FED. R. CIV. P. 4(c)(3).

The four count Amended Complaint alleges employment discrimination based on race and sex as well as state law claims of unlawful employment practices, fraud, libel and breach of contract. Mr. Johnson seeks unspecified damages. For the reasons set forth below, this action shall proceed against Working America based only on Mr. Johnson's Title VII and state laws claims.

### *Background*

Mr. Johnson, who describes himself as a Moorish American citizen, was initially interviewed for a position with Working America on February 3, 2011. A second interview followed on February 16, 2011, at which time he was invited to orientation the following day as a canvass organizer. After orientation, Mr. Johnson alleges he was praised for his performance and highly recommended for hire as a field canvass organizer.

On or about March 7, 2011, Working America hired Mr. Johnson. One week later, the Field Director for the Cleveland Office telephoned him to advise that his training was over and that he was terminated for failing to meet his quota. In person, the Director explained that Mr. Johnson did not sign up a sufficient number of members. Mr. Johnson countered that he had met the quota defined in the contract agreement on three of the five days he worked.

Mr. Johnson alleges he performed all the duties required for his position, above and beyond the terms in the contract. He complains that Working America failed to follow its "five step procedure" prior to terminating his employment. Moreover, he alleges he was subjected to disparate treatment compared to Caucasian employees hired by Working America who failed to meet their quota, but were not fired.

Although he alleges Working America's policy required the rotation of new partners every day, Mr. Johnson claims he was paired with an African American co-worker for three

consecutive days. During this time, the two were required to solicit membership in territories with abandoned buildings, few residences and drug activity. He alleges these territories were inferior to those in which Caucasian employees were assigned to canvas. Mr. Johnson adds that on the same date he missed his quota and was fired, a Caucasian female missed her quota and her employment with Working America was not terminated.[2]

### *Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to dismiss any claims under 28 U.S.C. §1915(e) if they fail to state a basis upon which relief can be granted, or lack an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

### *Lack of Subject Matter Jurisdiction*

Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231(1990) and a federal court may not entertain an action over which it has no jurisdiction. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Moreover, a federal question is not substantial if "it is 'obviously without merit' or because 'its unsoundness so clearly results from the previous decisions of this court [the Supreme Court] as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.'" *Levering*

---

[2] A copy of the Notice of Suit Rights that Mr. Johnson received from the Equal Employment Opportunity Commission (E.E.O.C.) is attached to the Complaint.

*& Garrigues Co. v. Morrin*, 289 U.S. 103, 105 (1933)(citation omitted).

### A. Court Lacks Jurisdiction to Adjudicate Criminal Claims

The facts alleged, as well as Mr. Johnson's *pro se* status, suggest his Complaint should be liberally construed as an employment discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. Under this statute, it is considered an unlawful employment practice for any employer "to . . .discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, [or]. . ., sex." 42 U.S.C. § 2000e-2(a)(1). While Mr. Johnson may have an arguable claim of discrimination based on race and sex, *see Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002), the same cannot be said regarding his allegations of fraud under 18 U.S.C. §1038(b).

While Mr. Johnson has cited 18 U.S.C. § 1038 as a basis for this Court's federal question jurisdiction, he cannot proceed. *See United States v. Nixon*, 418 U.S. 683, 693 (1974). As a private citizen, he has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch. *Id*. Moreover, both the intent of Congress and the courts' interpretations of section 1038, reveal that the statute was designed to deal with criminal or terrorist hoaxes, and not with the issue asserted by Mr. Johnson. *See United States v. Davila*, 461 F.3d 298, 304 (2d. Cir.2006) (finding that Congress, in passing Section 1038, sought to address potential limitations in the existing law with respect to criminal hoaxes and terrorist threats); *United States v. Evans*, 478 F.3d 1332, 1343 (11th Cir.2007) (referencing Section 1038 as a criminal statute designed to prosecute those criminal and terrorist threats made against the country); *see also* H.R.Rep. No. 108-505, at 4, 7 (2004) (May 2004 Report of the House Judiciary Committee stating

that "[n]either terrorism hoaxes nor the war time hoaxes are adequately covered by current Federal law," and that "[a] gap exists ... in the current law because it does not address a hoax related to biological, chemical or nuclear dangers where there is no specific threat").

It appears Mr. Johnson is attempting to avoid the criminal provision of the statute by citing to subsection (b) of section1038, which provides a "Civil Action." The civil remedy is narrowly tailored to provide that only a "party incurring expenses incident to any emergency or investigative response" to the criminal activity proscribed by the statute is entitled to a recover. *See* 18 U.S.C. § 1038(b). This does not set forth a general civil remedy for providing false information. *Id.* The "Civil Action" provided by the statute only exists as additional enforcement against a party who engages in a criminal violation of 18 U.S.C. § 1038(a)(1). It does not represent an independent civil cause of action for which a private citizen may file a complaint. *Id.* Accordingly, Mr. Johnson's claims under 18 U.S.C. § 1038(b) are dismissed as they are predicated upon a criminal statute.

### B. No "State Actor" Violated the Constitution

Mr. Johnson asserts that Working America's actions violated his rights under the Fifth and Fourteenth Amendments of the Constitution. Where a party has been deprived of "'rights, privileges, or immunities secured by the Constitution and laws' of the United States," federal law provides that these rights may be enforced under the authority of 42 U.S.C. § 1983. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002)(citation omitted).

"Section 1983 provides a remedy only for the deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States," and, therefore, it is only those "rights, not the broader or vaguer 'benefits' or 'interests,' that may be enforced under the

-5-

authority of that section." *Id.* To prevail in a civil rights action under 42 U.S.C. §1983, a plaintiff must plead and prove that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the Constitution and law of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). The statute is the vehicle through which the Fourteenth Amendment's mandate that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws" is enforced. Thus, the Due Process and Equal Protection Clauses of the Fourteenth Amendment prohibit only discrimination by the State, not by a private actor. *See Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 172 (1972).

Mr. Johnson has not alleged that Working America is a state actor. The only actions which are prohibited by our constitutional law are those actions attributable to the States. *Id.* Neither the Due Process or Equal Protection Clauses "erect[] . . . [a] shield against merely private conduct, however discriminatory or wrongful. *Id.* (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)). Without any citation to section 1983, or any allegation that Working America acted "under color of state law," Mr. Johnson has failed to allege he is entitled to relief for alleged violations of his rights under the Fifth or Fourteenth Amendments. Therefore, Mr. Johnson's Constitutional claims are dismissed.

### *Conclusion*

Based on the foregoing, Mr. Johnson's claims pursuant to 18 U.S.C. § 1038 and under the Fifth and Fourteenth Amendments are dismissed pursuant to 28 U.S.C. §1915(e). As to his **remaining** Title VII and state law claims against Working America, the Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process. The Clerk's Office

shall include a copy of this Order in the documents to be served upon the defendant. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

       IT IS SO ORDERED.

                                      s/ Christopher A. Boyko
                                      CHRISTOPHER A. BOYKO
                                      UNITED STATES DISTRICT JUDGE

DATED: July 30, 2012

---

[3] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."