IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN JOHNSON, | ) | CASE NO. 1:12CV1505 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| WORKING AMERICA, | ) | |
| | ) | |
| Defendant. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| | ) | |
| | ) | |

On August 1, 2012, this matter was referred pursuant to Local Rule 72.1 (Doc. No. 7), for pre-trial supervision, including the filing of reports and recommendations for disposition of case-dispositive motions. Currently before the Court for consideration are briefs submitted by the parties in response to this Court's Order of May 9, 2013 regarding whether this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2) on the grounds the allegations in Plaintiff's Application to Proceed *In Forma Pauperis* are untrue. (Doc. Nos. 53, 54.) Plaintiff filed a Motion to Strike in connection with this briefing, which Defendant opposed. (Doc. Nos. 55, 58.)

In addition, Defendant Working America filed a Motion for Summary Judgment (Doc. No. 51), which Plaintiff opposed. (Doc. No. 57.) Plaintiff also filed a Motion to Strike Exhibit B of Defendant's Motion for Summary Judgment. (Doc. No. 56.)

For the following reasons, the Court recommends that this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A) on the grounds that Plaintiff intentionally misrepresented his financial status in his Application to Proceed *In Forma Pauperis*. The Court also recommends Plaintiff's "Motion to Strike Exhibit 3" be denied. (Doc. No. 55). In light of this recommendation, the Court further recommends Defendant's Motion for Summary Judgment (Doc. No. 51) and Plaintiff's "Motion to Strike Exhibit B" (Doc. No. 56) be deemed moot.

**I. Background**

On June 13, 2012, Plaintiff Stephen Johnson ("Plaintiff" or "Johnson") filed a Complaint against Defendant Working America, Inc. ("Defendant" or "Working America"), alleging employment discrimination under Title VII of the Civil Rights Act of 1964; violations of the Fifth and Fourteenth Amendments; and, "fraud and false statements" under 18 U.S.C. § 47. (Doc. No. 1.) He also alleged state law claims for "libel/slander" and breach of contract. (Doc. No. 1.) On that same date, Plaintiff filed an Application to Proceed *In Forma Pauperis* (hereinafter "IFP Application"), in which he stated he had no gross pay or wages and no other income over the past twelve months other than "support from friends and family." (Doc. No. 2.) He also stated that he last worked in November 2011. (Doc. No. 2.) Plaintiff's IFP Application was signed and notarized on June 9, 2012, and filed on June 13, 2012. (Doc. No. 2.) It was granted on July 20, 2012. (Doc. No. 3.)

Plaintiff then filed a First Amended Complaint, again alleging employment discrimination under Title VII and the Fifth and Fourteenth Amendments, and state law claims for libel and breach of contract. (Doc. No. 4.) The Amended Complaint also alleged a claim of "fraud

information and hoaxes" under 18 U.S.C. § 1038(b). (Doc. No. 4.) Pursuant to 28 U.S.C. § 1915(e), the Court *sua sponte* dismissed Plaintiff's claims under § 1038(b) and the Fifth and Fourteenth Amendments for failure to state claims upon which relief could be granted. (Doc. No. 5.) Plaintiff's Title VII and state law claims were permitted to proceed. (Doc. No. 5 at 6.)

On August 28, 2012, Defendant moved to dismiss Plaintiff's libel and breach of contract claims under Fed. R. Civ. P. 12(b)(6). (Doc. No. 12.) This Court issued a Report and Recommendation on November 1, 2012 that Defendant's motion should be denied, which was adopted in full on November 28, 2012. (Doc. Nos. 25, 27.)

Plaintiff then filed a Second Amended Complaint alleging the following claims: (1) employment discrimination on the basis of race and sex under Title VII, 42 U.S.C. §§ 1981 and 1983; (2) libel; and, (3) breach of contract. (Doc. No. 29.) He seeks compensatory and punitive damages, as well as "reliance damages, speculative damages, consequent damages, & treble damages for breach of contract." (Doc. No. 29 at 5.).

Subsequently, during the course of discovery, Plaintiff produced tax records which caused Defendant to question whether he had been truthful in his IFP Application. (Doc. No. 40 at 3-4.) The Court ordered Plaintiff to submit written clarification regarding this issue. (Doc. Nos. 46, 48, 49.) On April 4, 2013, Plaintiff filed a "Notice of Filing Supplement to the Record," in which he explained that he "began part-time employment on June 11, 2012 and was notified he would start on May 31, 2012." (Doc. No. 50-1 at 1.) Although he did not report any employer or gross pay or wages in his IFP Application filed June 13, 2012, he claimed he had not meant to be inaccurate since he did not receive his first paycheck of $294.59 until June 20, 2012. (Doc. No. 50-1 at 1.)

On April 9, 2013, the Court ordered the parties to brief the issue of whether the instant action should be dismissed pursuant to § 1915(e)(2) on the grounds the allegations in Plaintiff's IFP Application are untrue. (Doc. No. 52.) Defendant thereafter filed a "Brief in Response to Order of April 9, 2013." (Doc. No. 53.) Plaintiff filed another "Notice of Filing Supplement to the Record" addressing this issue. (Doc. No. 54.) He also filed a "Motion to Strike Exhibit 3, page 3 of Defendant's Response to Order." (Doc. No. 55.) Defendant subsequently filed a Brief in Opposition to Plaintiff's Motion to Strike. (Doc. No. 58.)

## II. Law and Analysis

Defendant argues Plaintiff intentionally misrepresented his financial status in his IFP Application and, consequently, this action should be dismissed with prejudice pursuant to § 1915(e)(2). Specifically, Defendant asserts Plaintiff knew when he signed his IFP Application on June 9, 2012 that he would be starting a new job two days later (on June 11, 2012) but failed to disclose this expected income. Defendant further notes that, when Plaintiff actually filed his IFP Application on June 13, 2012, he had already begun working but nevertheless represented that he had no gross pay or wages, take-home pay or wages, or income from any business or profession. In addition, relying on materials provided in discovery, Defendant argues Plaintiff failed to report "other income" within the past 12 months as required by Question 3 of the IFP Application, including (1) employment income from July, September and October 2011; (2) income from public assistance programs; and, (3) Workers Compensation benefits. Defendant also notes that Plaintiff filed similarly inaccurate IFP Applications in numerous state court actions over the past year and, thus, has demonstrated a pattern of untruthfulness. Based on the above, Defendant maintains this Court should dismiss the instant case with prejudice. (Doc. No.

53.)

Plaintiff argues generally that the Court "should not dismiss [the] complaint because he had zero income on June 9, 2012," when he signed and notarized the IFP Application. (Doc. No. 54-1 at 1.) He states that Question 3 of the IFP Application "may have been vague and interpreted wrong," but claims "there were no intentions on accuracy errors if any were made." (Doc. Nos. 50-1 at 1; 54-1 at 1.) Plaintiff also asserts this action should not be dismissed because "[a]fter receiving his first payment on June 20, 2012 from part-time job the amount that was earned $294.59 which was not enough to pay filing fee of $350.00." (Doc. No. 54-1 at 1.)

Section 1915(e)(2) provides, in relevant part, that "notwithstanding any filing fee, or portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2). This section "serves the purpose of preventing abuse of the judicial system by 'weed[ing] out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth.'" *Vann v. Comm'r of the New York Dep't of Corr.*, 2012 WL 4010492 at **2 (2nd Cir. Sept. 13, 2012) (quoting *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997)). When a court determines that a plaintiff's allegations of poverty are untrue, dismissal is required under the mandatory language of the statute. *See Redd v. Redmon*, 2000 WL 658291 at * 1 (6th Cir. 2000) ("Section 1915(e)(2)(A) requires the district court to dismiss the case if the court determines that the allegation of poverty is untrue"); *Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice"); *Kirkland v. Donahoe*, 2012 WL 2360862 at * 1 (S.D. Ohio June 20, 2012).

As set forth above, Plaintiff's Application was signed and notarized on Saturday, June 9, 2012, but not filed until Wednesday, June 13, 2012.  (Doc. No. 2 at 2.)  It states: "My gross pay or wages are:  $ 0 , and my take-home pay or wages are: $ 0 ." (Doc. No. 2 at 1.)  In response to Question No. 3 regarding "other income," Plaintiff indicates that, in the previous 12 months, he received no income from "business, profession or other self-employment," or from "disability or workers' compensation payments."  (Doc. No. 2 at 1.)  Plaintiff does indicate that he received income from "other sources," which he describes as "support from family and friends." (Doc. No. 2 at 1.)  He states that his "last work date" was November 2011.  (Doc. No. 2 at 1.)

The Court finds Plaintiff misrepresented his financial status in his IFP Application.  Plaintiff admits that, on May 31, 2012, he was aware that he was going to start a new job on Monday, June 11, 2012.  (Doc. No. 50-1 at 1.)  Thus, Plaintiff was well-aware when he signed his IFP Application on Saturday, June 9, 2012 that he would be employed two days later.  However, he did not indicate this fact anywhere on his IFP Application despite the fact that Question 3 of that Application expressly required him to list any employer and to "describe below or on separate pages each source of money and state the amount that you received and **what you expect to receive in the future**." (Doc. No. 2 at 1.)  Moreover, Plaintiff admits that he began working and earning wages at his new job on Monday, June 11, 2012.  (Doc. No. 50-1 at 1.)  Thus, on the date he actually filed his IFP Application (i.e. Wednesday, June 13, 2012), Plaintiff was working and, therefore, earning "pay or wages."  However, he expressly indicates in his IFP Application that he has no gross and take-home pay or wages and, further, that his last work date was November 2011.  (Doc. No. 2 at 1.)  Both of these representations were false when the IFP Application was filed.

6

Plaintiff suggests his IFP Application was accurate because he did not actually receive a paycheck until June 20, 2012 and did not have sufficient money to pay the filing fee, either on June 9, 2012 when he signed his Application or on June 13, 2012 when he filed it. The Court rejects this argument. The IFP Application form required Plaintiff to disclose his gross and take-home "pay or wages." This is a separate issue from how much money Plaintiff actually had in hand at the time he filed the Application. Indeed, the IFP Application form itself recognizes this distinction by requiring an applicant to separately disclose both his "pay or wages" (Question 2) and the "amount of money that [he has] in cash or in a checking or savings account" (Question 4). (Doc. No. 2.) While Plaintiff may not have had sufficient funds to pay the filing fee, this does not excuse the fact that he was untruthful in his Application; i.e. that he falsely stated he was not receiving "pay or wages" at the time he filed his Application. *See e.g. Vann*, 2012 WL 4010492 at * 2 ("Regardless of whether [plaintiff] spent the money in his account for discretionary phone calls or commissary purchases or gifted money to relatives during the twelve months preceding the filing of his complaint and application for *in forma pauperis* status, [plaintiff] was required to accurately and truthfully state his financial history and assets"); *Waters v. King*, 2012 WL 1889144 at * 2-4 (S.D.N.Y. May 24, 2012) (dismissing action due to plaintiff's failure to disclose a $600 settlement despite the fact that "had Walters truthfully disclosed the $600 settlement, he may well have qualified for IFP status anyway").

Plaintiff also failed to accurately describe his income "in the past 12 months," as required by Question 3 of the IFP Application. As Plaintiff's Application was signed and filed in June 2012, this Question required him to disclose any income he received from June 2011 to June 2012. In his Application, Plaintiff indicated that, during this time period, he had received no

7

income from "business, profession, or other self-employment." (Doc. No. 2 at 1.) However, in his responses to Defendant's Interrogatories, Plaintiff states that he earned (1) $235.18 while employed by Caps, LLC in July 2011; (2) $196.51 while employed by Empire Films, Inc. in September 2011; and, (3) $297.00 while employed by Legacy Staffing, LLC. in October to November 2011.  (Doc. No. 53-3 at 3.)[1]  By his own admission, Plaintiff failed to accurately disclose these previous earnings in his IFP Application.

Plaintiff also failed to disclose public assistance income received during this time period. Plaintiff admits that his family received $2,955 in "public assistance for rental, utility and public transportation expenses for Plaintiff's participation in the Ohio Works Program" from December 2011 to January 2012.  (Doc. No. 50-1 at 1.)  Plaintiff, however, failed to disclose any of this income on his IFP Application despite being asked to describe "any other sources" of income during the twelve months prior to the filing of his IFP Application.

In light of the above, the Court finds Plaintiff was untruthful in his IFP Application in

---

[1] Defendant attaches Plaintiff's interrogatory responses as Exhibit 3 to its Brief regarding the instant IFP issue. (Doc. No. 53-3.)  Plaintiff moves to strike page 3 of this Exhibit, which includes Plaintiff's response to Defendant's Interrogatory No. 9 regarding Plaintiff's sources of income in 2011 and 2012. (Doc. No. 55.)  Plaintiff seeks to strike this page because "a Court Status Conference was held on March 14th 2013 Clearing up error made by plaintiff on interrogatories about Workers Compensation pay date." (Doc. No. 55 at 1.)  The fact that Plaintiff may have made an error in responding to this Interrogatory does not justify striking his response from the Court's consideration.  Accordingly, Plaintiff's motion to strike (Doc. No. 55) is denied.  However, because of some uncertainty regarding when Plaintiff actually received his Workers Compensation benefits, the Court will not consider them in determining whether Plaintiff falsely misrepresented his financial status in his IFP Application.  Significantly, Plaintiff does not contend that his Response to Interrogatory No. 9 incorrectly reports his income from Caps, LLC, Empire Films, Inc., or Legacy Staffing, LLC between July and November 2011. Thus, the Court will consider this information, as set forth above.  *See Steelman v. Thomas*, 1988 WL 54071 at * 1 (6th Cir. May 26, 1988) (finding district court could rely on financial records submitted by defendants regarding plaintiff's financial status in dismissing action for submitting false affidavit of indigency).

8

several material respects and this action is subject to dismissal under § 1915(e)(2). The only remaining question is whether this action should be dismissed with or without prejudice. Federal courts of appeals, including the Sixth Circuit, have held that district courts have the discretion to dismiss a case with prejudice where a plaintiff intentionally and in bad faith misrepresents his financial status in order to proceed *in forma pauperis*. *See e.g. Thompson v. Carlson*, 705 F.2d 868, 869 (6th Cir. 1983); *Vann v. Comm'r of the New York Dep't of Corr.*, 2012 WL 4010492 at * 2 (2nd Cir. Sept. 13, 2012); *Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305, 306-307 (7th Cir. 2002); *Romesburg v. Trickey*, 908 F.2d 258, 260 (8th Cir. 1990). In this context, "bad faith . . . includes deliberate concealment of income in order to gain access to a court without prepayment of fees." *Vann*, 2012 WL 4010492 at *2 (citing *Cuoco v. U.S. Bureau of Prisons*, 328 F.Supp.2d 463, 467-68 (S.D.N.Y. 2004)). *See also Jones v. Michigan Dep't of Human Services*, 2013 WL 640771 at * 1 (E.D. Mich. Feb. 21, 2013).

The Court finds Plaintiff intentionally and in bad faith misrepresented his financial status in his IFP Application. Plaintiff admits that, when he filed his Application on June 13, 2012, he had already started working at a new job and was, therefore, earning "pay or wages." (Doc. No. 50-1.) Despite this uncontested fact, he represented on his IFP Application that he was currently receiving no pay or wages and that his "last work date" was in November 2011.[2] (Doc. No. 2 at 1.) It is also undisputed that Plaintiff earned income from at least three different jobs in the twelve months preceding the filing of his IFP Application, but nevertheless explicitly represented that he received no such income from "business, profession, or self-employment"

---

[2] It is also undisputed that Plaintiff has never made any attempt to update his IFP Application in the over twelve months since it was filed.

during that time period. (Doc. No. 2 at 1.) Finally, Plaintiff failed to disclose public assistance income in the amount of nearly $3,000. Plaintiff offers no credible explanation as to how these misrepresentations could have been anything other than intentional. While he claims he misunderstood the IFP form, the Court questions this explanation in light of the plain language of the form itself. *See e.g. Mullins v. Hallmark Data Sys.*, LLC, 511 F.Supp.2d 928, 942 (N.D. Ill. 2007) ("The IFP form [] clearly and unambiguously asks question in plain English of a form designed for use by non-lawyers"); *Kirkland*, 2012 WL 2360862 at * 2 (same). Moreover, Plaintiff's professed confusion is belied by his extensive experience as a plaintiff in both state and federal court. In addition to the instant action, Defendant contends (and Plaintiff does not contest) that Plaintiff has filed (and sought IFP status in) seven cases in the Cuyahoga County Court of Common Pleas in 2012 alone.[3]

Indeed, the Court finds evidence of bad faith in light of Plaintiff's history of filing inaccurate IFP applications. Defendant contends Plaintiff has filed inaccurate poverty affidavits in at least five of the civil actions instituted by him in state court. *Se*e Doc. No. 53, Exh. 5. Plaintiff does not dispute this accusation and, indeed, admitted in deposition that at least one of his state court IFP applications was "inaccurate." *See* Johnson Depo. at 28-30 (acknowledging

---

[3] *See* (1) *Johnson v. KeyBank, et al.*, Cuy. Cty. Case No. CV-12-794014 (filed in state court on October 22, 2012, removed by Defendant to this Court, and then remanded back to state court on May 1, 2013); (2) *Johnson v. AZ Management Corp.*, Cuy. Cty. Case No. CV-12-788187 (filed July 31, 2012); (3) *Johnson v. Greater Cleveland Regional Transit Authority*, Cuy. Cty. Case No. CV-12-791044 (filed on September 10, 2012); (4) *Johnson v. Ohio Dept of Job and Family Services*, Cuy. Cty. Case No. CA-12-098918 (filed September 7, 2012); (5) *Johnson v. Parking Solutions, Inc., et al.*, Cuy. Cty. Case No. CV-12-797920 (filed December 19, 2012); (6) *Johnson v. Ohio Dept of Job and Family Services*, Cuy. Cty. Case No. CV-12-784412 (filed June 6, 2012); and (7) *Johnson v. Ohio Dept. Of Job and Family Services*, Cuy. Cty. Case No. CV-12-784413 (filed June 6, 2012).

10

that the poverty affidavit he filed in state court on September 10, 2012 was inaccurate because he had falsely represented no gross income in the past twenty-six weeks).  Moreover, the Court notes that in *Johnson v. AZ Management Co.*, Case No. CV-12-788187 (Cuyahoga County Court of Common Pleas), Plaintiff signed a poverty affidavit on June 9, 2012 indicating he was not employed and had no income during the past twenty-six weeks, but waited to file his affidavit until July 31, 2012.  Plaintiff's pay stubs (attached as Exhibit 2 to Defendant's Brief) indicate he had been employed by StratMar Financial Retail for over a month when he filed his poverty affidavit.[4]  As in this case, Plaintiff was clearly employed and earning income on the date he filed his poverty affidavit, yet failed to disclose either of these facts.  In both instances, it appears Plaintiff intended to explain away his failure to accurately report his financial status by relying on the dates he signed his poverty affidavits, rather than the actual filing dates.

The Court finds this pattern of deceit constitutes clear evidence of bad faith.  Courts have expressly found that a plaintiff's pattern of filing untruthful *in forma pauperis* applications may constitute evidence of bad faith.  *See e.g. Vann*, 2012 WL 4010492 at * 3 (finding evidence of bad faith in the fact that plaintiff had unrelated actions dismissed for making false allegations of poverty); *Castillo v. Blanco*, 2009 WL 1362828 at * 3 (5th Cir. May 15, 2009) (affirming dismissal with prejudice where plaintiff misrepresented his financial status, had a history of

---

[4]  In support of its Brief, Defendant submitted pay stubs indicating Plaintiff received income from (1) StratMar Financial Retail in June - October 2012; and, (2) Kelly Services in November - December 2012.  (Doc. Nos. 53-2, 53-4.)  Defendant also submitted Affidavits of Indigence filed by Plaintiff in actions he filed in state court in June, July, September, October, and December 2012, in which Plaintiff represented he had zero "gross income from all sources in last twenty-six (26) weeks."  (Doc. No. 53-5.)  Based on Plaintiff's employment history as reflected in his pay stubs, it is clear he misrepresented his financial status in his state court poverty affidavits.  Indeed, Plaintiff does not attempt to argue otherwise.

11

litigiousness, and "the same day Castillo filed suit in the instant case, he filed another federal suit without paying fees and with a nearly identical § 1915 affidavit"); *Dawson v. Lennon*, 797 F.2d 934, 936 (11th Cir. 1986) (finding plaintiff's "clear pattern of attempts to deceive the courts on his financial status in this and other cases justifies the district court's imposition of the severe sanction of dismissal with prejudice"); *Cuoco*, 328 F.Supp.2d at 469 (noting that plaintiff's repeated mischaracterization of her financial condition in IFP applications is evidence of bad faith warranting dismissal with prejudice).

In light of the above, the Court finds Plaintiff intentionally and in bad faith misrepresented his financial status in the IFP Application he filed in this Court on June 13, 2012.  Proceeding *in forma pauperis* is a privilege and not a right.  *See Kirkland*, 2012 WL 2360862 at * 3.  "The court system depends upon the honesty and forthrightness of applicants to ensure that the privilege is not abused." *Chung v. Dushane*, 2003 WL 22902561 at * 2 (N.D. Ill. Dec. 9, 2003) *aff'd* 104 Fed. Appx. 576 (7th Cir. 2004).  While the Court recognizes that dismissal with prejudice is a harsh result, the Court finds that a dismissal without prejudice would constitute an empty sanction and serve no deterrent effect.  Indeed, courts have recognized that "to dismiss without prejudice when an applicant intentionally lies on an IFP form would encourage the very perjury Congress sought to deter in § 1915." *Mullins v. Hallmark Data Syst.,* L.L.C., 511 F.Supp.2d 928, 940-41 (N.D. Ill. 2007). *See also Thomas*, 288 F.3d at 306-307 ("Dismissal with prejudice may have been the only feasible sanction for this perjury designed to defraud the government.  Dismissal without prejudice would have been no sanction at all. . .").

Accordingly, and in light of Plaintiff's intentional misrepresentations and bad faith, the Court recommends the instant action be dismissed with prejudice.

### V. Conclusion

For the foregoing reasons, it is recommended that this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A) on the grounds that Plaintiff intentionally misrepresented his financial status in his Motion to Proceed *In Forma Pauperis*. The Court also recommends Plaintiff's "Motion to Strike Exhibit 3" be denied. (Doc. No. 55.) In light of this recommendation, the Court further recommends Defendant's Motion for Summary Judgment (Doc. No. 51) and Plaintiff's "Motion to Strike Exhibit B" (Doc. No. 56) be deemed moot.

s/ Greg White  
United States Magistrate Judge

Date: June 25, 2013

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**